NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0480n.06

07-2234

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 10, 2009
LEONARD GREEN, Clerk

ANTONIO CRESPO,

    Plaintiff-Appellant,

v.

HENKEL CORPORATION,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

Before: DAUGHTREY and GIBBONS, Circuit Judges; ZATKOFF, District Judge.[*]

**PER CURIAM.** The plaintiff, Antonio Crespo, appeals from the district court's order of summary judgment entered in favor of defendant Henkel Corporation. The district court dismissed Crespo's claims that the defendant's negligence and failure to warn caused Crespo's injuries and that Henkel had breached duties owed to Crespo as a third-party beneficiary of a contract between Henkel and Crespo's employer, American Axle & Manufacturing, Inc. Finding no basis upon which to overturn the district court's decision, we affirm.

---

[*]The Hon. Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

During the time of Crespo's employment at American Axle, the company was party to a "commodity management supplier agreement" with Henkel Corporation, under which Henkel agreed to manage American Axle's chemical commodities in order to "promote the efficient procurement, inventory, delivery, and utilization" of those commodities. The chemicals for which Henkel was responsible included metal-working fluids in tanks that Crespo was assigned to clean. As it later turned out, the metal-working fluid was contaminated with bacteria and fungi that allegedly caused Crespo to develop a serious respiratory condition, hypersensitivity pneumonitis.

Crespo brought the current suit against Henkel under Michigan state law, contending that Henkel was liable for his injuries because it failed adequately to maintain the metal-working fluid, as required under the management contract with American Axle, and failed to warn Crespo and other workers of the dangers posed by contaminated metal-working fluid. In his complaint, Crespo asserted both a negligence claim and a claim for recovery as a third-party beneficiary to the contract.

Henkel moved for summary judgment and, in a cogent and thorough opinion, the district judge granted the defendant's motion in full. Crespo now appeals that decision. Before this court, he first asserts that the district court mistakenly held that Michigan tort law requires that a third-party claim premised on negligence in the performance of a contract must be based on the existence of a duty that is separate and distinct from those arising under of the contract itself. Crespo further contends that the district court erred in

concluding that he was not an intended third-party beneficiary of the agreement between his employer and the defendant. As did the district court, we find no basis for either of these claims in our examination of Michigan state law. Moreover, the reasons supporting the district court's legal determinations were sufficiently set out in the court's opinion granting the defendant's motion for summary judgment. Hence, the issuance of a separate, detailed opinion by this court would be duplicative and would serve no jurisprudential purpose. For that reason, we AFFIRM the judgment of the district court in favor of the defendant, based on the analysis set out in the court's opinion dated August 7, 2007.